**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

TENNESSEE GAS PIPELINE
COMPANY, L.L.C.,

                    Plaintiff,

          v.

JOHN A. FRANKLIN, et al.

                    Defendants.

CIVIL ACTION NO. 3:17-CV-00148

(MEHALCHICK, J.)

## <u>MEMORANDUM OPINION</u>

Before the Court is a Motion for Partial Summary Judgment filed by Plaintiff Tennessee Gas Pipeline Company, LLC ("Tennessee Gas") in a condemnation action arising from the construction and operation of a pipeline on the property of Defendants, Certain Easements and Rights of Way Necessary to Construct, Operate and Maintain a 36" Natural Gas Transmission Pipeline, in Lenox Township, Susquehanna County, Pennsylvania, Tax Parcel Numbers 224.00-1,007.00 and 205.00-2,056.00, John A. Franklin ("Franklin"), and All Unknown Owners (collectively, "Defendants"). (Doc. 1; Doc. 44). Tennessee Gas commenced this action by filing a verified complaint in condemnation of property pursuant to Federal Rule of Civil Procedure 71.1 on January 1, 2017 ("Complaint"). (Doc. 1). For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment will be **GRANTED**. (Doc. 44).

I.     FACTUAL AND PROCEDURAL BACKGROUND

The following factual background is taken from Tennessee Gas's statement of material facts and accompanying exhibits.[1] (Doc. 44-1; Doc. 45). This case revolves around a Triad Expansion Project ("the Project") consisting of the construction and operation of a gas pipeline by Plaintiff. (Doc. 45, at 2-5).[2] On December 30, 2016, the Federal Energy Regulatory Commission ("FERC") issued an order ("FERC Order") authorizing the Project and granting a certificate of public convenience and necessity to Tennessee Gas. (Doc. 45, ¶ 1). Completion of the Project requires Tennessee Gas to enter onto Franklin's property to construct, operate, and maintain the pipeline, as was authorized by the FERC Order. (Doc. 45, ¶ 3). According to Tennessee Gas, it possesses the right to enter Franklin's property for

---

[1] Local Rule 56.1 requires a party moving for summary judgment to submit "a separate, short and concise statement of material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." M.D. Pa. L.R. 56.1. The non-movant must file a statement in response to the movant's statement that responds to the numbered paragraphs in the movant's statement and sets forth which paragraphs present a genuine issue of material fact. M.D. Pa. L.R. 56.1. Any facts that are set forth in the movant's statement that are not contradicted by the non-movant's statement are "deemed to be admitted." M.D. Pa. L.R. 56.1. In this case, Landowner did not respond to Plaintiff's statement of facts and instead only filed a three-page Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment that described in threadbare fashion the underlying facts in narrative rather than numbered paragraph form. (Doc. 52). Because Landowner has failed to respond to Plaintiff's statement of facts, the facts therein are deemed admitted. *See* M.D. Pa. L.R. 56.1 ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."); *Landmesser v. Hazleton Area Sch. Dist.*, 982 F. Supp. 2d 408, 413 (M.D. Pa. 2013) (deeming facts admitted under Local Rule 56.1); *see also Conn v. Bull*, 307 F. App'x 631, 633 (3d Cir. 2009) (upholding district court's decision to deem facts admitted under Local Rule 56.1 where defendant failed to file a statement of facts).

[2] Unless otherwise indicated, the Court will defer to definitions designated in the Requests for Admissions, attached as Exhibit 1 to this Motion. (Doc. 44-1).

the Project because of an existing easement ("Existing Easement"). (Doc. 44-1, ¶¶ 4-30; Doc. 45, ¶ 7).

Tennessee Gas filed the Complaint to condemn the necessary Rights of Way needed to construct, operate, and maintain the Project. (Doc. 1, ¶ 1; Doc. 45, ¶ 2). It alleges that "because Landowner has disputed the validity and/or completeness of [Plaintiff's] Existing Easement on his Property, the Rights of Way [Plaintiff] is seeking to acquire on his Property include any rights necessary to construct, operate and maintain the Project[.]" (Doc. 1, ¶ 20). Tennessee Gas sought the following Rights of Way as authorized by the FERC Order:

> Easements and rights of way necessary to construct, operate and maintain the "Proposed 36" 300-3 Pipeline" as shown in Exhibit A attached hereto, for the purpose of constructing, operating and maintaining a natural gas transmission pipeline and conducting all other activities required by the Order of the Federal Energy Regulatory Commission dated December 30, 2016, Docket No. CP15-520-000, 157 FERC ¶ 61,254 (2016), including but not limited to temporary easements of 3.79 acres, as described as "Existing Permanent Easement Used During Construction," "Proposed Temporary Workspace" and "Proposed Additional Temporary Workspace" in Exhibit A attached hereto, for use during the pipeline construction and restoration period only for the purpose of ingress, egress and regress and to enter upon, clear off and use for construction and all activities required by the Order of the Federal Energy Regulatory Commission dated December 30, 2016, Docket No. CP15-520-000, 157 FERC ¶ 61,254 (2016), and temporary access easements of 0.03 acres, as described as "Access Road" in Exhibit A attached hereto, for use during the pipeline construction and restoration period only for the purpose of ingress, egress and regress and to enter upon, clear off and use for construction and all activities required by the Order of the Federal Energy Regulatory Commission dated December 30, 2016, Docket No. CP15-520-000, 157 FERC ¶ 61,254 (2016).

(Doc. 45, ¶ 2).

On February 27, 2017, upon stipulation by the parties, the Court issued an Order ("Stipulation Order") granting Tennessee Gas a preliminary injunction. (Doc. 15; Doc. 16; Doc. 45, ¶ 3). The injunction enables Tennessee Gas to access, possess, and enter to the Rights of Way. (Doc. 15; Doc. 16; Doc. 45, ¶ 3). On March 8, 2017, Franklin filed an Answer to the

Complaint. (Doc. 17). Therein, he asserts a counterclaim for ejectment ("Counterclaim"). (Doc. 17). From March 2017 through August 2023, the parties attempted to reach a settlement establishing a permanent agreement for the issues unresolved by the Stipulation Order. (Doc. 15; Doc. 16; Doc. 17; Doc. 28; Doc. 30; Doc. 44-1; Doc. 45, ¶ 4). These efforts were unsuccessful. (Doc. 15; Doc. 16; Doc. 17; Doc. 28; Doc. 30; Doc. 44-1; Doc. 45, ¶ 4).

On May 1, 2023, Tennessee Gas served Requests for Admissions on Franklin (Doc. 15; Doc. 16; Doc. 17; Doc. 28; Doc. 30; Doc. 44-1; Doc. 45, ¶ 4), seeking the following admissions:

1. Admit that You owned the Property as of the Date of Taking.

2. Admit that other than You, no Person had a real property interest in the Property as of the Date of Taking.

3. Admit that other than You, no Person has claimed to have a real property interest in the Property as of the Date of Taking

4. Admit that the Existing Easement was on the Property as of the Date of Taking.

5. Admit that the Existing Easement is 150 feet wide and crosses the width of the Property.

6. Admit that as of the Date of Taking, there were two existing underground natural gas pipelines on the Property (the "Existing Pipelines").

7. Admit that as of the Date of Taking, the Existing Pipelines were located within the area of the Existing Easement.

8. Admit that [Plaintiff] and/or its predecessors in interest have operated and maintained the Existing Pipelines on the Property for more than forty-five (45) years.

9. Admit that the location of the Existing Pipelines on the Property has remained the same since their initial construction.

10. Admit that [Plaintiff] owned the Existing Easement as of the Date of Taking.

11. Admit that [Plaintiff] is the successor in interest to Tennessee Gas Transmission Company and Tennessee Gas Pipeline Company.

12. Admit that prior to the Taking, [Plaintiff] already had the right to install a third pipeline within the Existing Easement on the Property

13. Admit that the Right of Way Agreement dated January 18, 1955 between Robert D. Franklin and Nellie Franklin, as Grantor, and Tennessee Gas Transmission Company, as Grantee, was recorded in the Recorder of Deeds Office of Susquehanna County, Pennsylvania at Deed Book 246, Page 209 (the "ROW Agreement").

14. Admit that a true and correct copy of the ROW Agreement is attached hereto as Exhibit 1.

15. Admit that the ROW Agreement grants [Plaintiff] the right to construct, operate and maintain a pipeline on the Property, as well as one or more additional pipelines.

16. Admit that [Plaintiff] (through its predecessor in interest) constructed a natural gas pipeline on the Property pursuant to the ROW Agreement within two years of the execution of the ROW Agreement.

17. Admit that [Plaintiff] (through its predecessor in interest) made a roddage payment to Robert D. Franklin and Nellie Franklin in accordance with the ROW Agreement within two years of the execution of the ROW Agreement.

18. Admit that the ROW Agreement conveys to Grantee "the right, privilege and authority for the purposes of laying, constructing, maintaining, operating, altering, repairing, removing, changing the size of and replacing pipe lines (with fittings, tie-overs and appliances, including Cathodic Protection equipment) for the transportation of oil, gas, petroleum products or any other liquids, gases or substances which can be transported through pipe lines, the Grantee to have the right to select, change or alter the routes under, upon, over and through lands which the undersigned has an interest . . ."

19. Admit that the ROW Agreement provides that "Grantee has the right to lay, construct, maintain, operate, alter, repair, remove, change the size of and replace at any time or from time to time one or more additional lines of pipe, said additional lines not necessarily parallel to any existing line laid under the terms of this agreement, and for each such additional line laid Grantee shall pay Grantor or his agent hereinafter designated his pro rata share of one and no/100 ($1.00) Dollars per lineal rod of pipe line within sixty (60) days subsequent to the completion of the construction of such additional line."

20. Admit that the ROW Agreement did not define the width or location of the right of way being granted for the installation of one or more pipelines.

21. Admit that the Partial Release of Easement dated October 5, 1973 between Robert D. Franklin and Nellie Franklin, as Releasee, and Tennessee Gas Pipeline Company, as Releasor, was recorded in the Recorder of Deeds Office of Susquehanna County, Pennsylvania at Deed Book 354, Page 206 (the "Partial Release").

22. Admit that a true and correct copy of the Partial Release is attached hereto as Exhibit 2.

23. Admit that the parties to the Partial Release ratified and confirmed the ROW Agreement, as modified by the Partial Release.

24. Admit that the Partial Release provides that "RELEASOR, does release, remit and quitclaim unto the said RELEASEE all its right, title, claim and interest in those certain premises described in the Right of Way Agreement(s) referenced above situate without a strip of land one hundred fifty feet (150') in width, the center line of said strip being the course of the pipeline first laid under the terms of the above described Right of Way Agreement(s), and said RELEASOR reserves unto itself all the rights and privileges embodied in said Right of Way Agreement(s) on said one hundred fifty foot (150') strip . . ."

25. Admit that the Partial Release provides that "RELEASOR and RELEASEE do ratify and confirm the said Right of Way Agreement(s) as modified by these presents."

26. Admit that the Partial Release limited and defined the location of the Existing Easement on the Property to a 150 foot wide strip of land centered on the first pipeline installed on the Property pursuant to the ROW Agreement.

27. Admit that You were aware that the Existing Pipelines were on the Property at the time that You took title to the Property in 1984.

28. Admit that You were aware that the Existing Pipelines on the Property crossed the entire width of the Property at the time that You took title to the Property in 1984.

29. Admit that You were aware of the ROW Agreement and Partial Release at the time that You took title to the Property in 1984.

30. Admit that You have never initiated a legal action to dispute the validity of the Existing Easement, the ROW Agreement and/or the Partial Release at any time since You took title to the Property in 1984.

31. Admit that [Plaintiff] constructed, and now operates and maintains, a third pipeline on the Property – identified as "Proposed 36" 300-3 Pipeline" in Exhibit A to the Complaint – as part of the Project.

32. Admit that the third pipeline constructed on the Property as part of the Project is located entirely within the Existing Easement.

33. Admit that a true and correct copy of document attached to the Complaint as Exhibit A is attached hereto as Exhibit 3.

34. Admit that the Existing Easement and Rights of Way are more fully described and depicted in the document attached to the Complaint as Exhibit A.

35. Admit that the areas identified as "Proposed Temporary Workspace," "Proposed Additional Temporary Workspace" and "Access Road" in Exhibit A attached to the Complaint are the only portions of the Rights of Way that are located outside of the Existing Easement on the Property.

36. Admit that [Plaintiff] was granted access to, possession of, and entry to the Rights of Way as of the Date of Taking pursuant to the Possession Order.

37. Admit that [Plaintiff] did not perform any construction or restoration activities on the Property outside of the Rights of Way as part of the Project.

38. Admit that the Project did not damage the Property as the result of (1) a change of grade of a road or highway; (2) permanent interference with access to a road or highway; or (3) an injury to surface support.

39. Admit that You were not required to move from the Property as a result of the Taking.

40. Admit that You were not required to move any personal property from the Property as a result of the Taking.

41. Admit that there were not any adjustments to the Property that were made necessary as a result of the Taking.

(Doc. 44-1, ¶¶ 1-41; Doc. 45, at 3-5).

Relevant to the instant motion, in its Requests for Admission, Tennessee Gas seeks Franklin's admission that the Existing Easement covers most of the property related to the Project. (Doc. 44-1, ¶¶ 1-41). Specifically, Tennessee Gas asks Franklin to admit that the only portions of

the Rights of Way located outside the Existing Easement were Temporary Easements described as "Proposed Temporary Workspace," "Proposed Additional Temporary Workspace" and "Access Road." (Doc. 44-1, ¶¶ 1-41; Doc. 46, at 5). Franklin failed to respond to the Requests for Admission within the 30 days allotted. (Doc. 45, ¶ 6). As of the date of this filing, he still has not done so. (Doc. 45, ¶ 6). Facts in requests for admission are deemed admitted if the receiving party does not respond within 30 days, and as such, the facts above are deemed admitted ("Deemed Admissions"). Fed. R. Civ. P. 36(a)(1). Given these Deemed Admissions, the only remaining issue in this matter is compensation for Tennessee Gas's taking of the Temporary Easements. (Doc. 1; Doc. 44-1; Doc. 53, at 12).

On August 28, 2023, Tennessee Gas filed the instant Motion for Partial Summary Judgment, a Statement of Facts, accompanying exhibits, and a Brief in Support (Doc. 44; Doc. 44-1; Doc. 45; Doc. 46), in which it seeks an Order confirming that the scope of Rights of Way relevant in the condemnation action is limited to the Temporary Easements. (Doc. 44; Doc. 44-1; Doc. 45; Doc. 46). On November 16, 2023, Franklin filed a Brief in Opposition. (Doc. 52). Franklin has not filed a statement of facts or any competing exhibits. On February 1, 2024, Tennesee Gas filed a Reply Brief. (Doc. 53). Accordingly, the matter is ripe for discussion.

II.   **MOTION FOR SUMMARY JUDGMENT STANDARD**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return

a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994). A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson, 477 U.S. at 249*.

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the non-movant must go beyond the pleadings with affidavits or declarations, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 324. The non-movant must produce evidence to show the existence of every element essential to its case which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex, 477 U.S. at 323*. Furthermore, mere conclusory allegations and self-serving testimony, whether made in the complaint or a sworn statement, cannot be used to obtain or avoid

summary judgment when uncorroborated and contradicted by other evidence of record. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also Thomas v. Delaware State Univ.*, 626 F. App'x 384, 389 n.6 (3d Cir. 2015) (not precedential).

III. **DISCUSSION**

Tennesee Gas seeks summary judgment as to the scope of the Rights of Way taken in its condemnation action. (Doc. 44). It's argument rests entirely on its assertion that Franklin's failure to respond to the Requests for Admission renders the Deemed Admissions fact for the purposes of the instant motion. (Doc. 44; Doc. 44-1; Doc. 45; Doc. 46, at 9; Doc. 52; Doc. 53); *see* Fed. R. Civ. P. 36. Accordingly, Tennessee Gas argues that there is no question of material fact related to the scope of its taking of Franklin's land through the Rights of Way. (Doc. 46, at 14). Franklin responds that the Counterclaim he asserted in his Answer constitutes evidence that the facts stipulated in the Requests for Admission are in dispute. (Doc. 17; Doc. 52, at 1-2). Franklin neglects to address his failure to respond to Plaintiff's Requests for Admission. (Doc. 52).

Rule 36 governs requests for admission. Fed. R. Civ. P. 36. "Rule 36(a) provides that requests for admission can seek answers pertaining to 'facts, the application of law to fact, or opinions about either; and the genuineness of any described documents.'" *Owens v. IQ Data Int'l, Inc.*, No. CV 20-4099, 2022 WL 4225391, at *2 (E.D. Pa. Sept. 13, 2022) (quoting Fed. R. Civ. P. 36(a)(1)). "The Third Circuit has held that an admission of facts under Rule 36 'is not merely another layer of evidence, upon which the district court can superimpose its own assessment of weight and validity,' but rather is an 'unassailable statement of fact that narrows the triable issues in the case.'" *Kida v. EcoWater Sys. LLC*, No. CIV.A. 10-4319, 2011 WL 4547006, at *3 (E.D. Pa. Sept. 30, 2011) (quoting *Airco Indus. Gases, Inc. v. Teamsters Health &*

*Welfare* Pen. *Fund,* 850 F.2d 1028, 1037 (3d Cir.1988)). A deemed admission "carr[ies] more weight than a witness statement, deposition testimony, or interrogatories, because once made, admissions cannot be countered by other evidence." *McNeil,* 192 F.R.D. at 494 n.4; *see also Kida,* 2011 WL 4547006, at *4 (deeming admitted facts stipulated in a request for admissions due to a party's failure to respond and stating "[b]ecause admissions are conclusive, they are not weighed against competing evidence on a summary judgment motion"). Admissions are "conclusive" and "sufficient to support summary judgment." *Langer v. Monarch Life Ins. Co.,* 966 F.2d 786, 803 (3d Cir. 1992).

"A matter is deemed admitted" if the receiving party does not respond within 30 days. Fed. R. Civ. P. 36(a)(1). An admission established by a failure to respond is conclusive and sufficient to support summary judgment. *Sec'y U.S. Dep't of Labor v. Kwasny*, 853 F.3d 87, 91 (3d Cir. 2017) ("Matters deemed admitted due to a party's failure to respond to requests for admission are 'conclusively established' [. . . ] and may support a summary judgment motion.") (quoting Fed. R. Civ. P 36(b)); *see also Owens*, 2022 WL 4225391, at *2*; McNeil v. AT&T Universal Card*, 192 F.R.D. 492, 493-94 (E.D. Pa. 2000). While Rule 36 is restrictive, it is not without exception, as under particular circumstances admissions may be withdrawn or amended under the Rule. *Kyko Glob., Inc. v. Prithvi Info. Sols. Ltd.*, No. 2:18-CV-01290-WSS, 2020 WL 1159439, at *15 (W.D. Pa. Mar. 10, 2020) (describing a court's discretion to permit withdrawal of a deemed admission but noting "[i]nterest in substantial justice cannot counteract the restrictiveness of the rule.") (citing *Brook Village N. Assocs. v. Gen. Elec. Co.*, 686 F.2d 66, 72–73 (1st Cir. 1982)). "[T]he court may permit withdrawal or amendment [of admissions] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the

action on the merits." Fed. R. Civ. P. 36(b); *see also Kyko Glob., Inc.*, 2020 WL 1159439, at *15 ("[a] court can permit withdrawal of an admission if 1) it promotes the presentation of the merits of the action, and 2) is not unduly prejudicial."). To determine whether withdrawal or amendment promotes the presentation of the merits of the action, courts have "generally sought to determine whether the admission is contrary to the record of the case." *Coca-Cola Bottling Co. of Shreveport v. Coca-Cola Co.*, 123 F.R.D. 97, 103 (D. Del. 1988) (citing *Branch Banking and Trust Company v. Deutz–Allis Corp.,* 120 F.R.D. 655, 658-59 (E.D. N.C. 1988)); *see Owens*, 2022 WL 4225391, at *2 (finding that courts "should not employ [Rule 36] to establish facts which are obviously in dispute or to answer questions of law.'") (quoting *Kosta v. Connolly*, 709 F. Supp. 592, 594 (E.D. Pa. 1989)); *see also Pritchard v. Dow Agro Scis.*, 255 F.R.D. 164, 173 (W.D. Pa. 2009) (applying Rule 36 to permit withdrawal of admissions because they were inconsistent with the rest of the record before the court). When considering whether amendment or withdrawal would be unduly prejudicial, courts have looked to the degree of difficulty a party may face when it must prove a previously deemed admission. *Pritchard*, 255 F.R.D. at 174 ("The prejudice contemplated by Rule 36(b) 'relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions.'") (quoting *Brook Vill. N. Assocs.,* 686 F.2d at 70); *see also The Maramont Corp. v. B. Barks & Sons, Inc.,* 1999 WL 55175, at * 3 (E.D. Pa. 1999) (finding a party is not prejudiced by a "relatively brief" delay in responding to requests for admission). Even beyond Rule 36, courts have broad discretion to determine whether to permit withdrawal or amendment of an admission. *Kyko Glob., Inc.*, 2020 WL 1159439, at *15; *see also Kleckner v. Glover Trucking Corp.*, 103 F.R.D. 553, 557 (M.D. Pa. 1984) ("While the Rule establishes two prerequisites to

*permitting* withdrawal of an admission, it says nothing about disallowing withdrawal of an admission."); *see also Coca-Cola Co.*, 123 F.R.D. at 103 (noting that nothing in Rule 36 mandates withdrawal). "'The Court is not required to make an exception to Rule 36 even if both the merits and prejudice issues cut in favor of the party seeking exception to the Rule.'" *Kleckner*, 103 F.R.D. at 557 (quoting *Donovan v. Carls Drug Co., Inc.*, 703 F.2d 650, 652 (2d Cir. 1983), *rev'd on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988)).

Here, each admission included in Tennessee Gas's Request for Admissions has been deemed admitted due to Franklin's failure to respond. (Doc. 44-1); *see* Fed. R. Civ. P. 36(b); *see also Kyko Glob., Inc.*, 2020 WL 1159439, at *15. Further, Franklin has not made any clear request that this Court withdraw any of the Deemed Admissions to the Request for Admissions. (Doc. 52). Still, this Court will assume, as Tennessee Gas did in its Reply Brief, that by arguing that the Deemed Admissions are conflict with Franklin's Counterclaim, Franklin is trying to assert a challenge to them. (Doc. 53, at 3). Whether deemed admissions are "obviously in dispute" is considered by courts when addressing a request for withdrawal or amendment under Rule 36(b). (Doc. 53, at 3); *Owens*, 2022 WL 4225391, at *2 ("facts which are obviously in dispute" weigh in favor of withdrawal for the first part of Rule 36) (quoting *Kosta*, 709 F. Supp. at 594); *see also Pritchard*, 255 F.R.D. at 173 (finding deemed admissions that were inconsistent with the record weighed in favor of withdrawal in evaluating the first requisite of Rule 36). While Franklin makes no argument addressing the prejudice consideration, this Court will conduct a comprehensive analysis of the Deemed Admissions under Rule 36.

Looking first to whether withdrawal or amendment of the Deemed Admissions promotes the presentation of the merits of the action, the Court must determine whether the

Deemed Admissions are contrary to the record. *Owens*, 2022 WL 4225391, at *2. Franklin suggests that the requested admissions are obviously in dispute because of the Counterclaim he asserted in his Answer. (Doc. 52, at 1-2). Specifically, Franklin asserts that the admission "that the Existing Easement was on the Property as of the Date of Taking" is contradicted by his Counterclaim that, "Plaintiff, successor in interest to the grantee in the original grant has no right, title or interest to maintain any pipeline, structure or item of property on the property now owned by the successor in interest, Defendant herein, [Landowner.]" (Doc. 17, ¶ 66; Doc. 44-1, ¶ 4; Doc. 52, at 2). Not only is this Counterclaim barred by Federal Rule of Civil Procedure 71.1, which limits responsive pleadings in condemnation actions, but Franklin has not directed the Court to any record evidence to support it. *See* Fed. R. Civ. P. 71.1; see *Transcon. Gas Pipe Line Co., LLC v. Permanent Easement for 1.02 Acres*, No. CV 17-1725, 2020 WL 3469040, at *2 (E.D. Pa. June 25, 2020) ("Federal Rule of Civil Procedure 71.1, which controls condemnation matters, strictly bars counterclaims."). Because Franklin's Counterclaim is barred, it cannot be considered part of the record.[3] *See Transcon. Gas Pipe Line Co.*, 2020 WL 3469040, at *2 (barring a counterclaim in a condemnation proceeding). As

---

[3] Courts have held that the statement that "[a] defendant waives all objections and defenses not stated in its answer. No other pleading or motion asserting an additional objection or defense is allowed" in Rule 71.1(e) means that a counterclaim cannot be raised in condemnation proceeding brought under Rule 71.1. Fed. R. Civ. P. 71.1(e); *see Columbia Gas Transmission, LLC v. An Easement to Construct, Operate & Maintain a 20-Inch Gas Transmission Pipeline Across Properties in Washington Cnty. & Allegheny Cnty., Pa. by MCC Int'l, Inc.*, No. CV 17-1297, 2018 WL 3209426 (W.D. Pa. Apr. 25, 2018) (citing *In Washington Metropolitan Area Transit Authority v. Precision Small Engines*, 227 F.3d 224, 228 n. 2 (4th Cir. 2000); *Constitution Pipeline Co. v. A Permanent Easement for 2.40 Acres*, 2015 WL 1726223, at *1 (N.D.N.Y. Apr. 14, 2015); *Columbia Gas Transmission, LLC v. Crawford*, 267 F.R.D. 227 (N.D. Ohio 2010); *Equitrans, L.P. v. 0.56 Acres*, 145 F. Supp. 3d 622, 634 (N.D. W. Va. 2015)), *report and recommendation adopted as modified sub nom. Columbia Gas Transmission, LLC v. An Easement to Construct, Operate & Maintain a 20-Inch Gas Transmission Pipeline Across Properties in Washington Cnty. & Allegheny Cnty., Pa.*, No. CV 17-1297, 2018 WL 2111239 (W.D. Pa. May 8, 2018).

such, the Counterclaim does not create any inconsistency with the Deemed Admissions in the record. (Doc. 14; Doc. 44-1).

Additionally, the Stipulation Order, which both Franklin and Tennessee Gas agreed to and was signed by both parties' attorneys, contradicts Franklin's averment that the Existing Easement is invalid. (Doc. 52, at 2-3). The Stipulation Order acknowledges the presence of an easement on Franklin's property, and this was deemed admitted when Franklin failed to deny the requested admission that "prior to the Taking, [Plaintiff] already had the right to install a third pipeline within the Existing Easement on the Property." (Doc. 15, at 2-4; Doc. 44-1, ¶ 12). This further supports that the Deemed Admissions are not contrary to the record established in this case. (Doc. 44-1). Accordingly, resolution on the merits would not be promoted by withdrawal of the Deemed Admissions. (Doc. 44-1); *Revlon Consumer Prod. Corp. v. L'Oreal S.A., Cosmair, Inc., Maybelline, Inc., Maybelline Sales, Inc.*, 170 F.R.D. 391, 403 (D. Del. 1997) (declining to grant withdrawal of deemed admissions under Rule 36 because withdrawal would not subserve the merits of the case).

Looking to the degree of prejudice granting withdrawal would cause to the party requesting admissions, the Court again concludes withdrawal of the Deemed Admissions is not supported by the facts before it. *See* Fed. R. Civ. P. 36(a)(1). Since failing to reach a settlement over two years ago, Franklin has failed to participate in discovery or meaningfully engage in this litigation beyond requesting several extensions of time. (Doc. 29; Doc. 34; Doc. 42; Doc. 43; Doc. 47; Doc. 48; Doc. 49; Doc. 51). The already extended deadlines for discovery in this case have passed. (Doc. 41; Doc. 43). Further, Tennessee Gas notes that it "prepared its expert report to be consistent with the [D]eemed [A]dmissions and with the understanding that the Landowner did not have any evidence to the contrary, having

produced none in discovery." (Doc. 53, at 10). If the Court were to withdraw or amend the Deemed Admissions in this case, Tennessee Gas would be tasked with expending more money and resources to put together another expert report and gather additional evidence of admissions. This prejudice weighs against withdrawal or amendment of the challenged Deemed Admissions. (Doc. 53, at 10); *see Pritchard*, 255 F.R.D. at 174 (defining prejudice as a need to suddenly obtain new evidence to prove previously deemed admissions).

Additionally, Franklin's delay in responding to the Requests for Admissions has not been "relatively brief." *See The Maramont Corp.*, 1999 WL 55175, at * 3 (withdrawing deemed admissions when answers were only 13 days late and finding that the delay was relatively brief). Franklin has failed to participate in discovery since the onset of this litigation in 2017. (Doc. 41; Doc. 43). Even with the discovery deadline having been extended twice, with the most recent deadline being over a year ago, Franklin has still failed to respond to the Request for Admissions. (Doc. 41; Doc. 43). This considered, the degree of prejudice to Tennessee Gas again weighs against withdrawal. *Kyko Glob., Inc.*, 2020 WL 1159439, at *16 (denying request to withdraw deemed admissions because, given the moving party's conduct regarding discovery delays and failure to respond to requested admissions for over three months, requesting party would be severely prejudiced by a grant of the withdrawal).

Considering *supra* and in accordance with Rule 36, the Court will deny any request for withdrawal of the Deemed Admissions to the extent that one has been asserted in this case. *Coca-Cola Co.*, 123 F.R.D. at 103 (denying withdrawal or amendment of deemed admissions when defendants did not respond to requests for admission for over a year).

Because the Deemed Admissions constitute undisputed facts for the purpose of the instant motion, the scope of the Rights of Way taken in this action is beyond dispute. (Doc.

16

44-1); *Kida*, 2011 WL 4547006, at \*3 (holding that deemed admissions constitute undisputed facts for the purposes of summary judgment). Landowner is deemed to have admitted that the only issue remaining in the condemnation action is the just compensation for the Temporary Easements. (Doc. 44-1, ¶¶ 1-41). Accordingly, Plaintiff's motion for partial summary judgment as to the scope of the Rights of Way is **GRANTED**. (Doc. 44).

IV.    **CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Partial Summary Judgment is **GRANTED.** (Doc. 44). The scope of the Rights of Way taken in this action shall be the Temporary Easements, as all other use of Franklin's property by Tennessee Gas was within areas covered by the Existing Easement. (Doc. 1). Trial shall be scheduled to determine the amount of compensation owed for the Temporary Easements.

An appropriate Order shall follow.

Dated: August 30, 2024              *s/ Karoline Mehalchick*
                                    **KAROLINE MEHALCHICK**
                                    **United States District Judge**

17